# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| [1] TIFFANY MILLER,<br><br>       Plaintiff,<br><br>vs.<br><br>[1] LOWE'S HOME CENTERS, LLC,<br><br>       Defendant. | Case No.  22-cv-023-KEW<br><br>Removed from the District Court of Muskogee County, Oklahoma, Case No. CJ-2021-319 |

## NOTICE OF REMOVAL

  Defendant Lowe's Home Centers, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, hereby removes the above-captioned action currently pending in the District Court of Muskogee County, Oklahoma. In support of this removal, Defendant Lowe's Home Centers, LLC states as follows:

  1. Plaintiff Tiffany Miller commenced this action, captioned *Tiffany Miller v. Lowe's Home Centers, LLC*., Case No. CJ-2021-319 ("the State Court Action"), by filing a Petition in the District Court of Muskogee County, Oklahoma.

  2. Pursuant to 28 U.S.C. § 1446(a) and LCvR 81.2, a copy of the docket sheet for the State Court Action is attached as Exhibit 1, and a copy of all filings shown on the docket sheet are attached as Exhibit 2 (Petition), Exhibit 3 (Summons), Exhibit 4 (Answer), and Exhibit 5 (Entry of Appearance).

  3. There are currently no motions pending in the State Court Action.

**I. The Requirements for Diversity Jurisdiction Are Satisfied.**

4. As evidenced by the written memorandum of Plaintiff's Counsel's assurance to Defense Counsel that Plaintiff is a citizen of Oklahoma, enclosed as Exhibit 6, Plaintiff Tiffany Miller is a resident of Muskogee County, Oklahoma.

5. The citizenship of an individual is determined by his or her domicile, meaning the state where that person was last physically present with the intent to remain indefinitely. See Smith v. Cummings, 445 F.3d 1254, 1259-60 (10th Cir. 2006).

6. For purposes of removal, the Court may treat Plaintiff's place of residence as her place of domicile and thus her state of citizenship. See State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.")

7. Defendant Lowe's Home Centers, LLC is a limited liability company and, pursuant to Tenth Circuit precedent, the citizenship of a limited liability company is determined by the citizenship of its members. See Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1237 (10th Cir. 2015).

8. Lowe's Home Centers, LLC has a single member: Lowe's Companies, Inc.

9. A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

10. Lowe's Companies, Inc. is a corporation incorporated in and having its principal place of business in North Carolina.

11. Lowe's Companies, Inc. is therefore a citizen of North Carolina for purposes of federal diversity jurisdiction.

12.     Based on the citizenship of its sole member, Defendant Lowe's Home Centers, LLC is a citizen of North Carolina for purposes of federal diversity jurisdiction.

13.     Plaintiff in her Petition asserts a claim for damages in excess of $75,000. See Exhibit 2, Petition.

14.     Because the parties are citizens of different states and the amount in controversy exceeds the statutory requirement, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

**II. All Other Procedural Requirements for Removal Are Satisfied**

15.     Plaintiff served Defendant Lowe's Home Centers, LLC with a summons and copy of the Petition via certified mail to its registered service agent on December 23, 2021.

16.     Accordingly, this Notice of Removal is filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(3).

17.     Under 28 U.S.C. §§ 116(b), 1446(a), the United States District Court for the Eastern District of Oklahoma is the appropriate court to remove a civil action from the District Court of Muskogee County, Oklahoma.

18.     Plaintiff's pleadings allege that all or a substantial part of the events or omissions central to her claims occurred in and around Muskogee County, Oklahoma. Exhibit 2, Petition, at 2.

19.     Accordingly, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1441(a).

20.     Pursuant to 28 U.S.C. § 1446(c)(1), this Notice of Removal is filed within one year of the commencement of this action.

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal shall be given to the Plaintiff and shall be filed promptly with the District Court of Muskogee County, Oklahoma.

22. Should the Court determine that this Notice of Removal is defective, Defendant respectfully requests that the Court allow it to amend or supplement, as necessary. See 28 U.S.C. § 1653.

23. WHEREFORE Defendant Lowe's Home Centers, LLC removes the pending action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and invokes this Court's jurisdiction.

Respectfully submitted,
**JOHNSON & JONES, P.C.**

s/ J. Christopher Davis_____
J. Christopher Davis, OBA No. 16639
Joshua D. Poovey, OBA No. 32103
Maegan C. Murdock, OBA No. 33983
Two Warren Place
6120 S. Yale Ave., Suite 500
Tulsa, Oklahoma 74136
cdavis@johnson-jones.com
jpoovey@johnson-jones.com
mmurdock@johnson-jones.com
Telephone: (918) 584-6644
Fax: (888) 789-0940
***Attorneys for Defendant***
***Lowe's Home Centers, LLC***

## CERTIFICATE OF SERVICE

This is to certify that on January 17, 2022, the undersigned electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to all ECF registrants:

Michael A. Finerty
P.O. Box 1542
436 Court Street, Suite D
Muskogee, OK  74402
***Attorneys for Plaintiff***

                                                  s/ J. Christopher Davis